**In the Matter of GRAND JURY PROCEEDINGS 89–8.**

United States District Court, S.D. Florida.

Aug. 13, 1990.

Andrew Reich, Asst. U.S. Atty., Miami, Fla., for the Government.

Roy Black, Miami, Fla., for defendants.

---

MEMORANDUM OPINION

ORDER COMPELLING PRODUCTION OF DOCUMENTS PURSUANT TO THE GOVERNMENT'S SUBPOENA DUCES TECUM

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon the Motion of the United States to Compel production of documents before a grand jury pursuant to its subpoena *duces tecum* served upon respondents HIRAM MARTINEZ, MERCEDES MARTINEZ, and HIRAM MARTINEZ, JR. and upon Respondent, HIRAM MARTINEZ, JR.'s Motion to Quash the subpoena *duces tecum.* The Court held a hearing on this issue on the morning of August 9, 1990. Both the Government and the Respondent, HIRAM MARTINEZ, JR., and the other respondents through joinder in Mr. MARTINEZ, JR.'s memorandum and oral argument, filed memoranda with the Court and presented oral argument on their respective positions.

Respondent MARTINEZ, JR.'s position is that because the subpoena was issued to him as corporate records custodian of Zenitron Development, Inc., and he is not the records custodian of Zenitron, he cannot be compelled to produce any of the documents under this subpoena. Respondent filed fifteen exhibits purporting to show that the logical records custodians of the Zenitron company are other parties, namely Francisco and Leticia Avila, the directors of the corporation. Indeed, the exhibits presented to the Court were various corporate documents and correspondence of Zenitron in which the Avilas are the signatories or recipients. Respondent argues that there is no showing that he is an officer, director, employee, corporate representative or designated records custodian of Zenitron, and accordingly, cannot be compelled to produce documents under a subpoena of Zenitron.

Respondent insists that if he were personally subpoenaed *duces tecum* then he would be required to respond, and there would be another issue before the Court, presumably, his privilege against self-incrimination. At this time, no assertion has been made by respondent claiming a fifth amendment privilege which would be violated by the act of production pursuant to the subpoena. The Court sees its role as deciding the very narrow question of whether respondents can be considered records custodians of Zenitron Development, Inc.

In dealing with this narrow issue the Court presumes that Respondents have possession or control of the subpoenaed documents; otherwise the motion to quash the subpoena *duces tecum* on the grounds that Respondents are not the "technical" custodians of these records would have been a useless gesture. The Government urges that Respondents' duty to comply with the subpoena does not turn on their titles, but rather on the theory that any person who obtains possession or custody of corporate records by virtue of functions performed on behalf of the corporation is its agent, and therefore, holds the records in a representative capacity. Having custody makes one a custodian. *Grant v. United States,* 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913) (Sole shareholder's attorney who received corporate documents must produce although not corporate representative.) The Court agrees.

 A voluntary, *de facto*, custodian, that is one who has voluntary custody of corporate documents, may be compelled to produce those documents pursuant to a subpoena *duces tecum* just the same as if he were an official records custodian so designated by the corporation.[1] The Court sees no distinction between the former and the latter type of custodian. In essence the Court holds that any person with custody over corporate records is a records cus-

---

1. The Court notes that the Government stated at the hearing that the Zenitron corporation is defunct. There is no evidence before the Court that this is the case, and Respondents professed no knowledge of this fact. Accordingly, it was not considered by the Court in ruling on this motion.

todian.[2] The Court is mindful of the fact that these respondents have received "target" letters informing them that they are now targets of the grand jury investigation. However, the Court reiterates its position that no fifth amendment issue has been raised by the parties and is yet an issue to be decided by this Court. Respondents are still in the position that they may raise the fifth amendment privilege at the grand jury hearing and then frame the issue for consideration by this Court. Accordingly and upon careful review of the record, it is hereby

ORDERED AND ADJUDGED that the Motion to Compel is GRANTED. Respondent's Motion to Quash is DENIED.

DONE AND ORDERED.

---

2. *See In re Sealed Case,* 877 F.2d 83, 86 (D.C.Cir. 1989) ("custodian" encompasses any agent of the corporation who under ordinary principals of corporate law has custody or control over

corporate documents); *see also Wilson v. U.S.,* 221 U.S. 361, 380, 31 S.Ct. 538, 544, 55 L.Ed. 771 (1911).