In re GRAND JURY PROCEEDINGS.

B & J PEANUT COMPANY, Petitioner,

v.

UNITED STATES of America, Respondent.

Misc. No. 95–26–ALB/AMER.

United States District Court, M.D. Georgia, Albany–Americus Division.

May 31, 1995.

Alexander J. Pires, Jr., Washington, DC, Timothy O. Davis, Albany, GA, for petitioner.

Harry Fox, Macon, GA, for respondent.

## ORDER

OWENS, District Judge.

Before the court is petitioner's motion to quash the issuance of two subpoenas. A previously convened grand jury had issued a subpoena[1] against petitioner, requesting production of business documents pertaining to specified clients for a definite time period. Adjournment of that grand jury mooted petitioner's motion to quash that subpoena. Now, a reconvened grand jury has again issued subpoenas seeking substantially the same materials as before; petitioner has since, at the court's invitation, reactivated its motion to quash. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

As an initial matter, the court is mindful of the necessity of viewing federal grand jury matters in light of the grand jury's purposes.

[A] federal grand jury enjoys sweeping powers to investigate allegations of criminal behavior. Since the founding of the United States, grand juries have been accorded wide latitude to gather all relevant material because "the public ... has a right to every man's evidence." At the federal level, as in the states, the grand jury exercises this right for the public.

The grand jury, in acting for the public, requires wide latitude to investigate allegations of criminal activity so that it can issue accurate indictments and dismiss baseless charges. As the Supreme Court has observed, "[a] grand jury investigation 'is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find out if a crime has been committed.'"

As the public has a right to everyone's evidence, the citizen has a concomitant duty to appear and to testify before a grand jury when subpoenaed to do so; it is "a basic obligation that every citizen owes his Government." The courts, in turn, have a duty to compel those who are subpoenaed to discharge this obligation; otherwise, the grand jury would be prevented from functioning effectively.

*Grand Jury Proceedings (Williams) v. United States,* 995 F.2d 1013, 1015–16 (11th Cir. 1993) (citations omitted). The power of the grand jury to compel testimony (or document production) is "limited only in that production may not be compelled in violation of a valid privilege established under the common law, statutes or the Constitution." *Vingelli v. United States,* 992 F.2d 449, 452 (2d Cir. 1993). The statutory standard created to act as a check upon the issuance of subpoenas may be found in Federal Rule of Criminal Procedure 17(c)—subpoenas with which "compliance would be unreasonable or oppressive" should be quashed. With these standards in mind, the court proceeds to consider the facts presently before it.

■ Petitioner's principal contention is that the documents sought under the instant subpoena are similarly sought under an administrative subpoena duces tecum issued by the Inspector General of the United States Department of Agriculture in a related case pending before another judge of this district. Indeed, petitioner's brief attacking the subpoena in that case was filed as an exhibit to its motion to quash the subpoena now before the court. And petitioner has seemingly adopted the same arguments in favor of quashing in both cases—the subpoenas exceed regulatory authority, are overly broad, and constitute an undue burden on the party to whom issued. *See, e.g., United States v. Westinghouse Elec. Corp.,* 788 F.2d 164, 166 (3d Cir.1986) (cited by petitioner in its brief to the court). As a fallback position, petitioner maintains that the court should await

---

1. Attached as Exhibit A is the original issued subpoena which has since been reissued.

a ruling by the other district judge in the related case on a similar motion.

The fatal flaw to petitioner's legal argument is the incongruity of the authority cited. The *Westinghouse* case dealt with an *administrative* subpoena, not a subpoena from the grand jury. That case is presumably entitled to weight in the related case, but not here. Nevertheless, the court seriously questions petitioner's ability to demonstrate that regulatory authority was exceeded simply because agency regulations only required retention of documents for two years. *See In re Grand Jury Proceedings No. 92–4,* 42 F.3d 876, 880 (4th Cir.1994) (government's failure to follow Department of Justice guideline, requiring that government first ask attorney to voluntarily comply with requests for information prior to issuing a subpoena against the attorney, was not grounds for quashing of subpoena). And because of the distinction between this and the related case, no reason to refrain from ruling exists.

■ The court also notes that Rule 17's dual mandate—that a subpoena be neither unreasonable or oppressive in its demands— is not offended by the subpoena now before the court. The documents requested pertain to specifically named clients, and are for a definite, reasonable time period. The fact that the current custodians of petitioner's records were not in charge during the time period for the documents requested does not render the request either unreasonable or oppressive. *Cf. In the Matter of Grand Jury Proceedings 89–8,* 742 F.Supp. 1154, 1155–56 (S.D.Fla.1990) ("any person with custody over corporate records is a records custodian").

Accordingly, petitioner's motion to quash the subpoenaes issued in this case is **DENIED.**

**SO ORDERED.**

ATTACHMENT

# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ GEORGIA _____

TO:   B & J Peanut Company
      Highway 111
      Meigs, Georgia

**SUBPOENA TO TESTIFY
BEFORE GRAND JURY**

SUBPOENA FOR:
☑ PERSON     ☑ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| U. S. Courthouse Middle District of Georgia 475 Mulberry Street Macon, Georgia  31202 | Grand Jury Room-3rd flr |
|  | DATE AND TIME |
|  | 5/16/95 9:30 A.M. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

"SEE ATTACHMENT A"

"In lieu of an appearance before the Grand Jury at this time, this subpoena may be complied with by either hand delivering the requested documents to the agent making personal service or by mailing the requested documents/records by certified mail to Mrs. Deborah Martin, United States Attorney's Office, P.O. Box U, Macon, GA  31202, on or before the above date.  *Please see additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| Gregory J. Leonard | April 17, 1995 |
| (BY DEPUTY CLERK) *Nora Faul* | |

| This subpoena is issued on application of the United States of America. | NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY |
|---|---|
| James L. Wiggins United States Attorney | HARRY J. FOX, JR., AUSA Middle District of Georgia P. O. Box U, Macon, Georgia  31202 912-752-3511 |

## ATTACHMENT A

Any and all records including, but not limited to: harvesting records, transporting records, yard tickets, wagon or module tags; inspection memos; computer printouts; marketing cards; storage records; ginning records or books; records regarding the renting, leasing, or borrowing of wagons trailers, module packers, module haulers, or other means of transporting cotton; ledgers or printouts showing the date, condition, and means of receiving cotton; purchase records. Any records of the application of seed, chemicals, or fertilizer related to the production of cotton. Statements of accounts, ledgers, payment records, or accounts receivable; records of loans, advances, or share cropping agreements for the below listed individuals or ASCS Farm Serial Numbers for the years 1990 and 1991.

| | |
|---|---|
| Jimmy West, Sr. | L.D. West, III |
| Jimmy West, Jr. | Marty West |
| Earl West | Todd West |
| Stacy West | Bobby West |
| Jeffery West | Alan West |
| Jerry West | Bruce Godwin |
| Douglas West | Ken Godwin |
| Roger West | Chuck Godwin |
| Clarence West, Jr. | Cary Humphries |
| L.D. West, Sr. | William Whitfield |

ASCS Farm Serial Numbers

| | |
|---|---|
| FSN 314 | FSN 2315 |
| FSN 799 | FSN 2365 |
| FSN 1647 | FSN 2453 |
| FSN 1924 | FSN 2583 |
| FSN 2041 | FSN 2667 |
| FSN 2097 | FSN 2680 |
| FSN 2142 | FSN 2710 |